UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WEST 2 EAST LAND, LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:24-CV-309-KAC-JEM |
| | ) | |
| SMOKY MOUNTAIN AXE HOUSE, LLC, | ) | |
| BRIAN JOHNSTON, and TIMOTHY FRY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order [Doc. 31] of referral by United States District Judge Katharine A. Crytzer.

On July 23, 2024, Plaintiff filed its Complaint to recover for breach of contract [Doc. 1]. Plaintiff alleges that it entered into a contract with Defendant Smoky Mountain Axe House, LLC ("Smoky Mountain"), which Smoky Mountain breached, and it alleged that it should be allowed to pierce the corporate veil to hold the individual defendants liable for the breach [*Id.* at 2, 4]. Smoky Mountain did not respond to the Complaint. On October 3, 2024, the Clerk Office's entered default against it [Doc. 14]. Later, Plaintiff sought default judgment against all Defendants [Doc. 17]. The Court granted this motion in part [Doc. 18]. The Court granted Plaintiff default judgment against Defendant Smoky Mountain but declined to hold either of the individual defendants personally liable, because Plaintiff failed to establish that the Court should pierce the corporate veil [*Id.* at 2–4].

On September 10, 2025, Plaintiff filed its Motion to Compel Full and Complete Post-Judgment Discovery Responses ("Motion to Compel") [Doc. 30]. According to Plaintiff, on July 2, 2025, it served Defendant Smoky Mountain with interrogatories and requests for production

of documents (collectively, the "Discovery Requests") [*Id*. ¶ 5; *see also* Doc. 30-1]. It further submits that on July 16, 2025, counsel for Defendant Johnston, Ashleigh Beer-Vineyard ("Attorney Beer-Vineyard"), represented "she was collecting answers for the pending discovery requested directed to Smoky Mountain Axe House, LLC, from both [Defendant] Johnston and [Defendant] Fry" [*Id*. ¶ 8 (emphasis omitted)]. On July 18, 2025, Attorney Beer-Vineyard represented that she "should be able to get [Plaintiff] discovery responses by next Friday [July 25, 2025] at the latest" [*Id*. ¶ 9]. On July 29, 2025, Plaintiff submits that Attorney Beer-Vineyard represented, "The responses are complete, I just am waiting on [Defendant] Johnston's notarized signature" [*Id*. ¶ 10]. Despite following up on August 8, 13, and 14, 2025, Plaintiff claims that it has not received any discovery responses from Defendant Smoky Mountain [*Id*. ¶¶ 11–12].

Plaintiff now requests "that this Court order judgment debtor, [Defendant] Smoky Mountain . . . to promptly and completely comply with the Discovery [R]equest[s]" [*Id*. at 7]. In addition, it requests that "[Defendant] Smoky Mountain . . . [Defendant] Johnson, and [Defendant] Fry, jointly and severally, be required to pay Plaintiff's reasonable expenses in making this [m]otion, including attorney's fees" [*Id*. at 8]. Plaintiff also claims "this Court would be justified in requiring Plaintiff's reasonable expenses, including attorney's fees, be taxed jointly and severally against both [Defendant] Smoky Mountain . . . and [Attorney] Beer-Vineyard" [*Id*.].

No party has responded to the motion, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Nevertheless, the Court has reviewed the merits of the motion. With respect to Plaintiff's first request—to compel Defendant Smoky Mountain to respond—the Court finds it well taken. Under Rule 69 of the Federal Rules of Civil Procedure, a judgment creditor may seek post-judgment discovery from the judgment debtor. Fed. R. Civ. P. 69(a)(2). Plaintiff served the

2

Discovery Requests on July 2, 2025, and Defendant Smoky Mountain has not responded within the time allowed. *See* Fed. R. Civ. P. 33(b)(2) & 34(2)(a) (requiring a party to respond within thirty days). The Court therefore **ORDERS** Defendant Smoky Mountain to respond to the Discovery Requests on or before **November 25, 2025**.[1]

Turning to the request for attorney's fees, Rule 37(a)(5) of the Federal Rules of Civil Procedure provides for an award of reasonable attorney's fees when a party fails to answer an interrogatory under Rule 33 or fails to produce documents as requested under Rule 34. Fed. R. Civ. P. 37(a)(5). Defendant Smoky Mountain did not respond to the motion, which means it has not met its burden to show an award of costs is improper. *See Laukus v. Rio Brands, Inc. et al.*, 292 F.R.D. 485, 509 (E.D. Ky. 2018) ("[T]he burden of showing a failure to comply with court orders and discovery requests was due to inability, not willfulness or bad faith, rests with the individual against whom sanctions are sought." (citing *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002))). The Court therefore finds an award of reasonable costs appropriate. Defendant Smoky Mountain **SHALL** pay Plaintiff the reasonable costs it incurred in filing the motion on or before **November 25, 2025**. The Court declines, however, to award attorney's fees against the co-Defendants or Attorney Beer-Vineyard at this time.[2]

---

[1] Plaintiff further requests that the Court "unambiguously demand [Smoky Mountain comply with the Discovery Request] in terms that are explicit, precise, clear, and definite as to how Smoky Mountain Axe House, LLC, and its members, Mr. Johnston and Mr. Fry, should comply with this Court's order" [Doc. 30 pp. 7–8]. The Court has ordered Smoky Mountain to respond; the Court declines to give legal advice as to how Smoky Mountain should respond. *See Mayes v. Sehorn*, No. 3:17-cv-01326, 2017 WL 5624495, at *1 (M.D. Tenn. Nov. 22, 2017) ("[T]he court cannot give legal advice or assistance to litigants . . . .").

[2] Plaintiff relies on two cases *Milano v. Hingham Sportswear Co.*, 318 N.E.2d 827 (Mass. 1974), and *Xarras v. J. Whitney Development, Inc.*, 220 N.E.2d 1263 (Mass. 2023), to support its request to hold Defendants Johnston and Fry jointly and severally liable for attorney's fees. But these cases involved contempt findings. Plaintiff also requests that the Court tax costs against Attorney Beer-Vineyard [Doc. 30 p. 8]. Plaintiff has not provided any legal authority for this request.

The Court therefore **GRANTS IN PART AND DENIES IN PART** the Motion to Compel [**Doc. 30**].

**IT IS SO ORDERED.**

ENTER

/s/ Jill E. McCook
Jill E. McCook
United States Magistrate Judge