UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WEST 2 EAST LAND, LP,<br><br>Plaintiff,<br><br>v.<br><br>SMOKY MOUNTAIN AXE HOUSE, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:24-CV-309-KAC-JEM |

# REPORT AND RECOMMENDATION

Now before the Court is Plaintiff's Motion for Sanctions and/or Contempt [Doc. 37], which was referred to the undersigned by District Judge Katherine A. Crytzer for consideration and determination or report and recommendation, as may be appropriate [Doc. 38]. Defendant has failed to respond to the motion and the time to do so has passed. This motion is ripe for review. *See* E.D. Tenn. L.R. 7.1(a).

Plaintiff seeks sanctions under Federal Rule of Civil Procedure 37(b)(2)(A), a show cause order as to why Defendants should not be held in civil contempt of the Court, and reasonable expenses in bringing this motion, including attorney's fees, for Defendant Smoky Mountain Axe House, LLC's ("Defendant Smoky Mountain") failure to provide discovery. For the reasons outlined below, the undersigned **RECOMMENDS** the District Judge **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Sanctions and/or Contempt [**Doc. 37**].

## I. SHOW CAUSE ORDER FOR CONTEMPT

Plaintiff requests an order to show cause as to why Mr. Brian Johnston and Mr. Timothy Fry should not be held in civil contempt of the Court. Plaintiff explains that it "accused Defendant [Smoky Mountain] of breaching its lease and [Mr.] Johnston and [Mr.] Fry of having alter-ego

liability" [Doc. 37 p. 3]. Defendant Smoky Mountain has since "became a judgment debtor," and as Plaintiff contends, has "shirked its responsibilities to answer discovery under federal law," with "[m]uch of the discovery . . . geared towards finding the money of Defendant" [*Id.*]. Plaintiff posits that "some of this discovery may also reveal evidence pertinent to the *Allen* analysis which could be used to prove alter-ego liability for [Mr.] Johnston and [Mr.] Fry, and accordingly, that "there is motive for [Mr.] Johnston and [Mr.] Fry to avoid Defendant's discovery in aid of execution and this Court's order" [*Id.* at 3–4].

Federal Rule of Civil Procedure 37(b)(2)(A)(vii) provides that where "a party's officer, director, or managing agent . . . fails to obey an order to permit discovery, . . .the court . . . may issue further just orders . . . [including] treating as contempt of court the failure to obey any order . . . ." Contempt "enforce[s] the message that court orders and judgments are to be complied with in a prompt manner." *Elec. Workers Pension Tr. Fund of Loc. Union 58 v. Gary's Elec. Serv. Co.*,, 340 F.3d 373, 378 (6th Cir. 2003) (citing *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir.1987)). "In order to hold a litigant in contempt, the movant must produce clear and convincing evidence that shows that 'he violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Id.* at 379 (citation omitted). "Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Id.* (citation omitted). To satisfy this burden, "a defendant must show categorically and in detail why he or she is unable to comply with the court's order." *Id.* (quoting *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir.1996)). The court must also consider whether the defendant "took all reasonable steps within [its] power to comply with the court's order." *Id.* (quotation omitted).

The Sixth Circuit has made clear that a court may hold corporate officers in contempt. *Id.* "A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs." *Id.* at 380 (quoting *Wilson v. United States*, 221 U.S. 361, 376 (1911)); *see also Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 803 (6th Cir. 2017) (explaining that "non-party corporate officers can be held in contempt for the corporation's failure to comply with the court's order, so long as they were responsible for the corporation's conduct and failed to take appropriate action to ensure performance" (citation omitted)).

A "magistrate judge's role on a motion for contempt in non-contempt cases is to certify facts relevant to the issue of contempt to the district judge." *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, No. 6:12-CV-00091, 2024 WL 3549092, at *6 (E.D. Ky. July 26, 2024) (quoting *Total Quality Logistics, LLC v. TW Transp. Sols., LLC*, No. 1:11-cv-183, 2012 WL 2045948, at *2 (S.D. Ohio June 6, 2012)). "The certification of facts under section 636(e) serves to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Total Quality Logistics, LLC*, 2012 WL 2045948, at *6 (citing *Telebrands Corp. v. Marc Glasman, Inc.*, No. 3:09cv734, 2012 WL 1050018, at *1 (D. Conn. Mar. 28, 2012)).

Based upon a review of the record, the undersigned certifies the following facts to the District Judge under 28 U.S.C. § 636(e)(6):

1. On July 23, 2024, Plaintiff filed a Complaint against Defendants Smoky Mountain, Brian Johnston ("Mr. Johnston"), and Timothy Fry ("Mr. Fry") seeking to recover for breach of a contract between Plaintiff and Defendant Smoky Mountain under Tennessee law and to pierce the corporate veil to hold Defendants Johnston and Fry personally liable for the breach [Doc. 1 pp. 1, 2–3].

2. Plaintiff subsequently sought and was granted entry of default against all Defendants for failure to defend [Docs. 14, 15, 16].

3. On November 15, 2024, Plaintiff sought entry of default judgment [Doc. 17] and the Court granted default judgment against Defendant Smoky Mountain [Doc. 18 p. 3]. With respect to Mr. Johnston and

Mr. Fry, however, the Court found Plaintiff failed to establish that the Court should pierce the corporate veil and hold either of them personally liable for the breach of the relevant contract [*Id.*].

4. On December 16, 2025, Attorney Ashleigh Beer-Vineyard ("Attorney Beer-Vineyard") entered an appearance as counsel of record for Mr. Johnston [Doc. 19].

5. On May 16, 2025, Plaintiff and Mr. Johnston filed a joint status report, with Plaintiff representing that it "intends to engage in discovery against the individual defendants with the goal of supplementing its pleadings" [Doc. 23 p. 1].

6. On June 26, 2025, Mr. Johnston filed his Motion to Dismiss for Failure to State a Claim [Doc. 26]. Plaintiff responded in opposition, and cross moved to amend its Complaint, in part by removing as Defendants Mr. Johnston and Mr. Fry, and requested discovery sanctions [Doc. 29].

7. On July 2, 2025, Plaintiff served Defendant Smoky Mountain with interrogatories and requests for production of documents (collectively, the "Discovery Requests"), pursuant to Federal Rules of Civil Procedure 26(b)(1), 33(a), 34(a)–(b), and 69(a)(2) [Doc. 30 ¶ 5].

8. On July 18, 2026, Attorney Beer-Vineyard emailed Plaintiff and represented that she had spoken with Mr. Johnston and Mr. Fry and would get discovery responses to him by the following Friday [Doc. 30-2 p. 2].

9. On July 29, 2026, Attorney Beer-Vineyard emailed Plaintiff and stated that the discovery responses were complete, but that she was waiting on Mr. Johnston's notarized signature [Doc. 30-2 p. 1].

10. On September 10, 2025, Plaintiff moved to compel full and complete post-judgment discovery responses ("Discovery Requests") from Defendant Smoky Mountain, as well as for attorney's fees [*See* Doc. 30].

11. On October 28, 2025, the undersigned ordered Defendant Smoky Mountain to respond to the Discovery Requests on or before November 25, 2025, as well as for Defendant Smoky Mountain to pay Plaintiff the reasonable costs it incurred in filing the motion on or before November 25, 2025 [Doc. 32 p. 3].

12. On January 16, 2026, the Court granted Plaintiff's motion to amend and dropped all claims against Mr. Johnston and Mr. Fry [Doc. 35]. The Court entered a full and final judgment and closed the case [Docs. 35, 36].

13. On October 23, 2025, Plaintiff "followed up with [Attorney] Beer-Vineyard . . . (seeking if there was any resolution to the outstanding discovery issues); on November 25, 2025 (asking if there was any further responses that would be forthcoming from Defendant; and on Tuesday, [February] 3, 2026 seeking to meet and confer before filing this motion" [Doc. 37 ¶ 8].

14. Smoky Mountain has not responded to the Discovery Requests as required by the Court's Order [Doc. 37 p. 5].

15. Plaintiff's counsel attempted to meet and confer with counsel with Attorney Beer-Vineyard prior to filing the motion for sanctions and/or contempt [Doc. 37 p. 6].

For failure to respond to the Discovery Requests, Plaintiff seeks a show cause order requiring Mr. Johnston and Mr. Fry[1] "to show why their conduct as members of the Defendant should be excused and why Rule 37(b) sanctions (or any other sanctions under this Court's inherent authority), should not be imposed" [Doc. 37 p. 4]. Plaintiff alternatively asks that the Court impose "coercive fines" against Mr. Johnston and Mr. Fry "personally for every day compliance with the Discovery Order is delayed" [Doc. 37 p. 6].

The undersigned finds that a show cause order against Mr. Johnston and Mr. Fry is appropriate at this time. As alleged by Plaintiff, Attorney Beer-Vineyard was working with both Mr. Johnston and Mr. Fry to answer the outstanding Discovery Requests on behalf of Defendant Smoky Mountain [Doc. 30 p. 4]. Plaintiff attached an email from Attorney Beer-Vineyard on July 18, 2025, in which she stated that she "should be able to get [Plaintiff] discovery responses by next Friday at the latest" [Doc. 30-2 p. 2]. Thereafter, the Court ordered Defendant Smoky Mountain to respond to the Discovery Requests on or before November 25, 2025 [Doc. 32 p. 3]. Plaintiff has followed up with Attorney Beer-Vineyard to obtain responses to the Discovery Requests. To date,

[1] At points in Plaintiff's motion, Mr. Fry is referred to as "Frye" [Doc. 37 p. 4]. The Court has substituted all misspellings for the correct spelling as reflected on the Complaint: Mr. Fry.

Defendant Smoky Mountain has not responded to the Discovery Requests nor Plaintiff's Motion for Sanctions/Contempt.

Accordingly, based upon the facts and the relevant law, the undersigned recommends that the District Judge issue a show cause order against Mr. Johnston and Mr. Fry to address why they should not be held in contempt of Court for failing to follow the Court's Order to respond to the Discovery Requests on or before November 25, 2025, and why they should not be fined for every day that Smoky Mountain does not respond to the Discovery Requests.[2]

## II. REQUEST FOR ALTER-EGO LIABILITY

Under Rule 37(b)(2)(A)(i), Plaintiff seeks a finding "that [Mr.] Johnston and Fry have alter-ego liability," as Plaintiff argues that "due to the refusal to produce evidence of corporate formalities, it is taken as established that [Defendant] Smoky Mountain Axe House, LLC is the alter ego of its members, rendering them personally liable for the Judgment" [Doc. 37 pp. 4, 6]. Plaintiff asks the Court to make this finding of fact to allow "Plaintiff to bring its original action against those gentlemen" [*Id.* at 4].

Under Rule 37, potential sanctions for disobeying a court's discovery order include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims[.]

---

[2] Plaintiff also asks the Court to "unambiguously demand" that Defendant Smoky Mountain comply with the Discovery request "in terms that are explicit, precise, clear, and definite as to how Smoky Mountain Axe House, LLC, and its members, Mr. Johnston and Mr. Fry, should comply with this Court's Order" [Doc. 37 p. 5]. The undersigned recommends that the District Judge decline to give legal advice as to how Defendant Smoky Mountain should respond. *See Mayes v. Sehorn*, No. 3:17-cv-01326, 2017 WL 5624495, at *1 (M.D. Tenn. Nov. 22, 2017) ("[T]he court cannot give legal advice or assistance to litigants . . . .").

Fed. R. Civ. P. 37(b)(2)(A)(i). Sanctions pursuant to Rule 37(b)(2)(A) are discretionary. *Metron Nutraceuticals, LLC v. Cook*, No. 1:20-cv-01803, 2021 WL 2946157, at *2 (N.D. Ohio July 14, 2021) ("Rule 37(b)(2)(A) provides discretionary sanctions if a party fails to obey a discovery order."); *see also Bryant v. U.S., ex rel. U.S. Postal Serv.*, 166 F. App'x 207, 210 (6th Cir. 2006) (reviewing an award of dismissal under Rule 37(b)(2) for an abuse of discretion). "The Supreme Court has instructed that discretionary sanctions under Rule 37(b)(2) which a district court may invoke must be 'just' and 'specifically related to the particular "claim" which was at issue in order to provide discovery.'" *New London Tobacco Mkt., Inc.*, 2024 WL 3549092, at *4 (quoting *Ins. Corp. of Ir. Ltd. v. Compagnie des Bauxites de Guinee*, 56 U.S. 694, 707 (1982)).

Here, as reflected in Plaintiff's motion to compel, the discovery was aimed at uncovering liability to pierce the corporate veil [Doc. 30 p. 6]. And as represented by Plaintiff, Defendant Smoky Mountain failed to respond to the Court's order of compelling discovery [Doc. 37 p. 4]. Still, the undersigned finds that "[a]lthough the Defendant['s] conduct is egregious, declaring a factual finding of alter ego at this particular ego at this particular juncture is premature." *New London Tobacco Mkt., Inc.*, 2024 WL 3549092, at *5 (denying a request to factually find alter ego even where defendants "engaged in abusive practices for the sole purpose of frustrating the Plaintiff's ability to extract the discovery"). The undersigned recommends that the District Judge deny the request to find alter-ego at this time. The undersigned notes that "[t]his does not mean, however, that alter ego will never be found," *id.*, and accordingly recommends that the District Judge warn Defendant Smoky Mountain that if it fails to cooperate, a finding of alter ego as a discovery sanction may be appropriate.

## III. ATTORNEY'S FEES AND EXPENSES

Plaintiff alternatively asks that the Court award "reasonable expenses, including attorney's fees, incurred in bringing [the m]otion, taxed jointly and severally against the LLC and its individual members" [Doc. 37 p. 6 (emphasis omitted)].

Rule 37(a)(5) of the Federal Rules of Civil Procedure provides for an award of reasonable attorney's fees when a party fails to answer an interrogatory under Rule 33 or fails to produce documents as requested under Rule 34. Fed. R. Civ. P. 37(a)(5). Defendant Smoky Mountain did not respond to the motion, which means it has not met its burden to show an award of costs is improper. *See Laukus v. Rio Brands, Inc. et al.*, 292 F.R.D. 485, 509 (E.D. Ky. 2018) ("[T]he burden of showing a failure to comply with court orders and discovery requests was due to inability, not willfulness or bad faith, rests with the individual against whom sanctions are sought." (citing *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002))). The undersigned therefore finds an award of reasonable costs appropriate and recommends that the District Judge order Defendant Smoky Mountain to pay Plaintiff the reasonable costs it incurred in filing the motion. Plaintiff requests that the attorney's fees should be jointly and severally liable against Mr. Johnston and Mr. Fry. Plaintiff, however, cites to no authority in support of this request. Accordingly, the undersigned recommends that the District Judge deny Plaintiff's request to hold Mr. Johnston and Mr. Fry jointly and severally liable for the attorney's fees at this time.

## IV. CONCLUSION

For the reasons explained herein, the undersigned **RECOMMENDS** that the District Judge **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Sanctions and/or Contempt [**Doc. 37**].[3]

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).