| | | |
|---|---|---|
| WEST 2 EAST LAND, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:24-CV-309-KAC-JEM |
| | ) | |
| SMOKY MOUNTAIN AXE HOUSE, LLC; | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is United States Magistrate Judge Jill E. McCook's "Report and Recommendation" ("Report") entered on July 20, 2026 [Doc. 39]. The Court accepts and adopts the Report as set forth below.

Plaintiff West 2 East Land, L.P. filed this action in July 2024, alleging a claim for breach of contract against Defendant Smoky Mountain Axe House, LLC; and Brian Johnston, and Timothy Fry [*See* Doc. 1]. In November 2024, Plaintiff moved for default judgment against all three [*See* Doc. 17]. The Court granted the motion in part and entered default judgment only against Defendant Smoky Mountain Axe House, concluding that Plaintiff failed to allege facts sufficient to pierce the corporate veil to reach Johnston and Fry [*See* Doc. 18 at 3-4 (citing *Se. Texas Inns. v. Prime Hosp. Corp.*, 462 F.3d 666, 673 (6th Cir. 2006)]. The Court entered Judgment against Defendant Smoky Mountain Axe House in the amount of $205,843.58 [*See id.* at 5].

Thereafter, in hopes of executing the Judgment against Johnston and Fry, Plaintiff sought post-judgment discovery from Defendant Smoky Mountain Axe House [*See* Doc. 30]. Because Plaintiff believes Johnston and Fry are "members" of Smoky Mountain Axe House, when Smoky Mountain Axe House did not comply, Plaintiff contacted Johnston's attorney [*Id.* at 1-3].

Johnston's attorney represented that she "had a very productive conference call with my client [Johnston] and Fry yesterday and am just waiting on a couple of documents from them. Accordingly, I should be able to get you discovery responses by next Friday [July 25, 2025] at the latest" [*Id.* at 2]. But Johnston's attorney never produced the discovery; nor did anyone else [*Id.* at 2-3].

On July 28, 2025, Plaintiff requested leave from the Court to amend its Complaint and drop Johnston and Fry from the action [*See* Doc. 29-3]. The Proposed Amended Complaint [Doc. 29-3] alleges that Johnston and Fry "were and are" "the members of" Defendant Smoky Mountain Axe House, LLC [*See* Doc. 29-3 at 1].

Thereafter, Plaintiff filed a "Motion to Compel Full and Complete Post-Judgment Discovery Responses" [Doc. 30]. On October 28, 2025, the Court granted that Motion [Doc. 30] and "order[ed] Defendant Smoky Mountain to respond to the Discovery Requests on or before November 25, 2025" [*See* Doc. 32 at 3]. To date, Plaintiff has not received the discovery.

In January 2026, the Court granted Plaintiff's Motion to Amend, dropped Johnston and Fry from the action, and entered final judgment in the case [Docs. 35, 36]. Then, and now, only Smoky Mountain Axe House remains as a Defendant in the action [*Id.*].

On February 11, 2026, Plaintiff filed a "Motion for Sanctions And/Or Contempt" [Doc. 37], which sought relief from the Court based on Defendant Smoky Mountain Axe House's failure to comply with the Court's October 28, 2025 Order [Doc. 32]. The Motion asks the Court to (1) "[i]ssue an an Order to Show Cause why" Johnston and Fry "should not be held in Civil Contempt of Court;" (2) "[i]mpose [s]anctions under Fed. R. Civ. P. 37(b)(2)(A)(i), directing that due to the refusal to produce evidence of corporate formalities, it is taken as established that Smoky Mountain Axe House, LLC is the alter ego of its members, rendering them

2

personally liable for the Judgment;" (3) "[a]lternatively [i]mpose [c]oercive [f]ines upon [] Johnston and Fry personally for every day compliance with the Discovery Order is delayed;" and (4) "[a]ward [r]easonable [e]xpenses, including attorney's fees, incurred in bringing this Motion, taxed jointly and severally against the LLC and its individual members" [*See* Doc. 37 at 6]. Judge McCook issued the Report [Doc. 39] on the Motion [Doc. 37].

The Report recommends that the Court (1) "issue a show cause order" against Johnston and Fry "to address why they should not be held in contempt of Court for failing to follow the Court's [October 28, 2025] Order," (2) "decline to give legal advice as to how Defendant Smoky Mountain should respond" to any Order to Show Cause; (3) "deny the request to find alter-ego at this time," (4) "warn Defendant Smoky Mountain that if it fails to cooperate, a finding of alter ago as a discovery sanction may be appropriate," (5) "order Defendant Smoky Mountain to pay Plaintiff the reasonable costs it incurred in filing the motion [Doc. 37]," and (6) "deny Plaintiff's request to hold" Johnston and Fry "jointly and severally liable for the attorney's fees at this time" [*See* Doc. 39]. No Party has objected to the Report, and the time to do so has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

After reviewing the record, as set forth below, the Court **ACCEPTS** and **ADOPTS** the Report [Doc. 39] under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The Court:

(1) **ORDERS** Johnston and Fry to **SHOW CAUSE** as to why they, who are alleged members of Defendant, [*see* Doc. 29-3 at 1], should not be held in contempt for Defendant's failure to comply with the Court's October 28, 2025 Order [Doc. 32];

(2) **WARNS** Johnston and Fry that if Defendant does not comply with the Court's October 28, 2025 Order, the Court may, as a discovery sanction, conclude that Johnston and Fry

3

are alter egos of Defendant for purposes of enforcing the Court's October 28, 2025

Order [Doc. 32]; and

(3) **ORDERS** Defendant to pay Plaintiff the reasonable costs it incurred in filing the

Motion [Doc. 37].

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

4